# 2000 DTA 127

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN
## PANEL II

MOISES SAN MIGUEL LORENZANA; ROSA MORALES VARGAS; Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ELLOS
Demandantes-Recurridos

v.

BANCO SANTANDER PUERTO RICO; FULANO DE TAL; SUTANO MAS CUAL; MENGANO DESCONOCIDO; COMPAÑIAS DE SEGURO ABC, MNO, XYZ
Demandados-Peticionarios

Núm. KLCE 9901475

San Juan, Puerto Rico, a 31 de marzo de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano, el Juez Aponte Jiménez y la Juez Feliciano Acevedo

Feliciano Acevedo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte peticionaria, Banco de Santander Puerto Rico (Banco Santander), solicita revisión de una sentencia sumaria parcial emitida el 29 de diciembre de 1999 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la demanda en daños y perjuicios presentada contra dicha parte por los recurridos, Moisés San Miguel Lorenzana, Rosa Morales Vargas y la Sociedad Legal de Gananciales compuesta por éstos. Mediante el dictamen en cuestión, el tribunal *a quo* declaró con lugar la demanda presentada por los recurridos y ordenó la entrega de un pagaré hipotecario en posesión del Banco Santander.

Examinados los alegatos de las partes, la sentencia recurrida y a tenor con el derecho aplicable al caso, determinamos que incidió el tribunal de instancia al dictar sentencia sumaria cuando existía controversia real sustancial en cuanto a hechos materiales, por lo que expedimos y revocamos dicha sentencia. Veamos.

### I

Los hechos relevantes, según surgen del expediente, siguen a continuación. El 13 de diciembre de 1990, los recurridos suscribieron un contrato de préstamo con la peticionaria que garantizaron con varios pagarés hipotecarios que fueron entregados en prenda. Entre estos pagarés hipotecarios, se encontraba el que es objeto de este pleito.

Dicho pagaré hipotecario, a favor del portador por la suma de U.S. $100,000, fue otorgado en la misma fecha mediante afidávit número 8573 ante el Notario Público Andrés J. Carcía Arregui. El pagaré estaba garantizado con hipoteca, según la escritura número 170 de igual fecha y otorgada ante el mismo notario.

Los recurridos, quienes en ese momento hacían negocio bajo San Miguel Label Manufacturing, Inc., (San Miguel Label), suscribieron, el 15 de octubre de 1993, un contrato de arrendamiento financiero con Bansander Leasing, Corp., (Bansander), de un equipo que obtuvo para la empresa, el cual garantizó personalmente. El 21 de octubre de 1993, Bansander cedió todos sus derechos e intereses sobre dicho contrato de arrendamiento al peticionario.

El 30 de noviembre de 1993, los recurridos satisfacieron la totalidad del préstamo. La parte peticionaria hizo entrega a los recurridos de todos los pagarés hipotecarios recibidos en prenda, excepto uno. La parte recurrida realizó varios intentos para que la peticionaria le devolviera el pagaré hipotecario restante. Sin embargo, ésta le indicó que el mismo estaba extraviado.

Dos años más tarde, el 24 de octubre de 1995, la recurrida, San Miguel Label presentó ante el Tribunal Federal de Quiebras una petición de quiebra. A estos procedimientos compareció Bansander, como dueña del arrendamiento financiero y el equipo objeto del arrendamiento. El 3 de octubre de 1996, el Tribunal Federal de Quiebras dictó una sentencia en la que se permitió á Bansander recuperar, como dueña, el equipo objeto del arrendamiento financiero.

Durante este proceso judicial, los recurridos solicitaron la devolución del pagaré hipotecario a la parte peticionaria. Sin embargo, ésta sostuvo que los recurridos debían satisfacer la deuda vencida en concepto de cánones de arrendamiento financiero que surgía del contrato de equipo para la empresa San Miguel Label. Al no serle devuelto el pagaré hipotecario restante, el 15 de julio de 1997, los recurridos presentaron una demanda en daños y perjuicios contra la parte aquí peticionaria y otros. El 18 de noviembre de 1998, los recurridos

presentaron demanda enmendada en la cual cambiaban la descripción del pagaré en cuestión, pues habían descrito en su demanda original un pagaré equivocado.

El 29 de junio de 1999, la parte peticionaria presentó una moción para que se dictara sentencia sumaria en el caso. Los recurridos presentaron oposición. Examinados los alegatos de las partes, el tribunal *a quo* dictó sentencia sumaria a favor de los recurridos. El tribunal de instancia basó su determinación en que no estaba vigente la obligación de los recurridos a favor de la parte peticionaria. Esta determinación se hizo a base de la prueba documental presentada por la parte demandante, aquí recurridos, en cuanto a que se le devolvieron todos los pagarés hipotecarios en posesión de la parte peticionaria, excepto el que motiva este pleito.

Inconforme con la decisión del tribunal de instancia, el peticionario comparece ante nos y señala que erró el tribunal *a quo* al dictar sentencia sumaria cuando existían varias controversias sobre hechos materiales, al determinar que el pagaré hipotecario no garantizaba la obligación constituida por San Miguel Label, al suscribir el contrato de arrendamiento financiero y, finalmente, que el tribunal de instancia incidió al determinar que no podía la parte peticionaria retener en prenda el pagaré hipotecario hasta que se satisficieran las obligaciones suscritas entre las partes.

Entendemos que no procedía la sentencia sumaria cuando existía controversia real sustancial de hechos materiales.

## II

En su recurso, la parte peticionaria plantea, como primer error, que el Tribunal de Primera Instancia erró al dictar sentencia sumariamente cuando existían varias controversias de hechos materiales. La parte peticionaria se basa en que los recurridos no demostraron con prueba documental que se devolvió pagaré alguno, ni que la deuda que garantizaba el pagaré hipotecario aquí en cuestión hubiese sido satisfecha.

Concluimos que se cometió el primer error de derecho. Erró el tribunal *a quo* al dictar sentencia sumaria cuando existía controversia real sustancial de hechos materiales. Elaboraremos.

La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, autoriza a una parte a presentar una moción basada o no en declaraciones juradas, para que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. *Piñero González v. Autoridad de Acueductos y Alcantarillados,* 146 D.P.R. ___ (1998), **98 J.T.S. 140,** a la pág. 216; *Mattei Nazario v. Vélez & Asoc.,* 145 D.P.R. ___ (1998), **98 J.T.S. 55,** a la pág. 924; *Soto v. Caribe Hilton,* 137 D.P.R. ___ (1994), **94 J.T.S. 128,** a la pág. 311.

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, por su parte, faculta al tribunal a dictar sentencia sumaria cuando *"no existe controversia real sustancial en cuanto a ningún hecho material y ... como cuestión de derecho, debe dictarse sentencia sumaria a favor de la parte promovente".* *Soto Vázquez v. Rivera Alvarado,* 144 D.P.R. ___ (1997), **97 J.T.S. 145,** a la pág. 368; *Rodríguez v. Secretario de Hacienda,* 135 D.P.R. ___ (1994), **94 J.T.S. 20,** a la pág. 11,550; *Tello Rivera v. Eastern Air Lines,* 119 D.P.R. 83, 86 (1987); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986).

El propósito principal de este mecanismo es propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo que no se justifica la celebración de un juicio en su fondo. Utilizado correctamente, este vehículo procesal contribuye a descongestionar los calendarios judiciales. *Neca Mortgage Corporation v. A & W Developers S.E.,* 137 D.P.R. ___ (1995), **95 J.T.S. 10,** a la pág. 603; *Pilot Life Insurance Company v. Crespo Martínez,* 136 D.P.R. ___ (1994), **94 J.T.S. 104,** a las págs. 20-21.

La sentencia sumaria procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaria. *Medina Morales v. Merck, Sharp & Dohme Química de Puerto Rico, Inc.,* 135 D.P.R. ___ (1994), **94 J.T.S. 52,** a la pág. 11,786; *J.A.D.M. v. Centro Com. Plaza*

*Carolina,* 132 D.P.R. 785, 802 (1993). De ordinario, si existen dudas sobre la procedencia de la sentencia sumaria, el Tribunal debe brindar a las partes la oportunidad de una vista evidenciaria. *Rivera Rodríguez v. Departamento de Hacienda,* 149 D.P.R. ___ (1999), **99 J.T.S. 144,** a la pág. 53; *Bonilla Medina v. Partido Nuevo Progresista,* 140 D.P.R. ___ (1996), **96 J.T.S. 33,** a la pág. 790; *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 D. P.R. 115, 133 (1992).

La parte que solicita la sentencia sumaria tiene que demostrar que no hay controversia real sustancial en cuanto a ningún hecho material y que procede se dicte sentencia a su favor como cuestión de ley. La parte opositora se ve entonces en posición de poner en controversia los hechos presentados por el promovente. *Soto Vázquez v. Rivera Alvarado,* 144 D.P.R. ___ (1997), *supra; Pilot Life Insurance Company v. Crespo Martínez, supra.*

Una vez la moción de sentencia sumaria ha sido presentada y se sostiene en la forma provista por la Regla 36 de las de Procedimiento Civil, *supra,* la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en su demanda, sino que viene obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo los hechos pertinentes a la controversia que demuestren que existe una controversia real que debe ser dilucidada en un juicio. De no hacerlo, debe dictarse sentencia sumaria en su contra, si procediere en derecho. Véase, la Regla 36.6 de las de Procedimiento Civil; *Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos,* 144 D.P.R. ___ (1997), **97 J.T.S. 147,** a la pág. 400; *PFZ Properties v. General Accident Insurance Corp., supra; Pilot Life Insurance Company v. Crespo Martínez, supra.*

Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquellos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no debe dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; entre las partes envueltas en este caso, quienes suscribieron el contrato en representación de San Miguel Label, Bansander, el arrendador financiero y cedente, y Banco Santander, cesionario.

La parte peticionaria presentó prueba que rebatía las alegaciones de los recurridos en cuanto a que no existía obligación alguna a favor de Banco Santander o, al menos levantó, dudas que imposibilitaban dictar sentencia sumaria.

Además, los documentos presentados por el peticionario, levantan dudas en cuanto a la naturaleza del pagaré hipotecario en cuestión. El peticionario alega que el 21 de octubre de 1993, Bansander le cedió los derechos que ésta tenía sobre el contrato de arrendamiento financiero suscrito con San Miguel Label. Basado en esta fecha, el peticionario aduce que era acreedor de los recurridos y tenía el derecho a retener el pagaré hipotecario en prenda.

Los recurridos, por otro lado, alegan que el 30 de noviembre de 1993, efectuó el pago que lo liberó de su obligación con Banco Santander. Por lo tanto, señalan los recurridos que el peticionario actuó contrario a derecho al retener el pagaré hipotecario y no devolverlo junto con los otros pagarés hipotecario que tenía en garantía.

Definitivamente, la dilucidación de este hecho es crucial para determinar los derechos de las partes o (4) como cuestión de derecho no procede. *PFZ Properties v. General Accident Insurance Corp., supra.*

En el caso autos, el tribunal de instancia emitió sentencia sumaria que ordenaba la entrega del pagaré hipotecario en cuestión, porque entendió, a la luz de los documentos sometidos, que no existía controversia sustancial en cuanto a los hechos. Entendemos que erró el ilustre tribunal de instancia al aquilatar la prueba documental.

El tribunal *a quo* determinó que no se demostró que estuviese vigente una obligación de parte de los recurridos a favor del peticionario. Sin embargo, la cláusula 18 del Contrato de Arrendamiento suscrito entre los recurridos y Bansander, establecía que Bansander podía ceder todos sus derechos sobre el contrato sin notificación previa al arrendatario, San Miguel Label. Bansander cedió sus derechos a Banco Santander, el 21 de octubre de 1993. Es decir, el peticionario estaba en la misma posición que Bansander en cuanto a derechos y responsabilidades con los recurridos y habría que determinar el alcance de esta cláusula en la controversia.

Debemos, por otro lado, indicar que las actuaciones de Bansander ante el Tribunal Federal de Quiebras como acreedor de San Miguel Label, basado en dicho contrato de arrendamiento, levantan dudas sobre la completa cesión de derechos. Debió el tribunal *a quo* examinar la relación envueltas en este caso. El mismo, sin embargo, no fue discutido por el tribunal *a quo*. Es, pues, necesario que el tribunal de instancia revalué las alegaciones de las partes y, luego de escuchadas éstas en una vista evidenciaria, resuelva los hechos que están en controversia, a la luz de lo expuesto en esta sentencia.

Por otro lado, el propio recurrido señaló en su moción de oposición a que se dicte sentencia sumaria, que existía una controversia de hechos que impedía que se dictara sentencia sumaria. Apéndice del Recurso de *Certiorari*, a la pág. 67. Es decir, que éste reconoce que en estas circunstancias, procede la revocación del dictamen apelado.

Entendemos que, a la luz de lo aquí resuelto, no es necesario entrar a discutir el segundo y tercer error de derecho.

### III

Por los fundamentos expresados, se expide el auto y se revoca la sentencia parcial recurrida. Se devuelve el asunto al Tribunal de Primera Instancia para la continuación de los procedimientos consistentes con la presente sentencia.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General